NOT FOR PUBLICATION
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDDIE CONTEH,<br><br>Plaintiff,<br><br>v.<br><br>THE FRANCIS E. PARKER MEMORIAL HOME INC., et al,<br><br>Defendants. | Civil Action No.: 10-5670 (PGS)<br><br>OPINION |

**SHERIDAN, U.S.D.J.**

This matter comes before the Court on a motion to dismiss Plaintiff Eddie Conteh's ("Plaintiff's") Complaint, filed by Defendants The Francis E. Parker Memorial Home, Inc. (Memorial Home) and Mary Lou Farmer (Farmer) (collectively "Defendants"). Plaintiff claims that Defendants violated the Family Medical Leave Act (FMLA), 29 U.S.C. 2601 et. seq., and the New Jersey Family Leave Act (FLA), N.J.S.A. 34:11B-1 et. seq., by denying him leave to care for his ailing mother.

**I.   BACKGROUND**

On March 19, 2007, Plaintiff began working as a food service aide for the Memorial Home, which is an assisted living center. In November 2008, Plaintiff contacted the Memorial Home's Human Resource Manager, Mary Lou Farmer, to request leave. Plaintiff explained to Farmer that his mother, who lives in Sierra Leone, Africa, was very ill and might die and that he needed to care for her, as well as his child, for whom his mother had been caring.

1

Farmer advised Plaintiff that he could not take any time off until he provided Defendants with a certification from his mother's doctor that she was ill. Plaintiff explained that he could not obtain the medical certification before his departure because of the great distance between him and his mother's doctor and because of "the manner of doing business that existed at that time in his mother's country." Farmer told Plaintiff that without substantiation of his mother's illness, the only way that he could leave to visit his mother was if he resigned. Farmer told Plaintiff that he could reapply for his position upon his return. Believing that he had no other choice, on November 25, 2008, Plaintiff resigned and traveled to Sierra Leone to be with his mother and child. On December 4, 2008, Plaintiff's mother died. In January 2009, Plaintiff returned to the United States and reapplied for his position. Plaintiff provided the Memorial Home with his mother's death certificate, but Plaintiff was not rehired.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint for failure to state a claim upon which relief can be granted. When considering a 12(b)(6) motion to dismiss, the Court must accept as true all allegations in the complaint and draw all reasonable inferences in favor of the non-moving party. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard requires that the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the conduct alleged" and demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the

elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 55 U.S. at 555). While the factual allegations in a complaint must be accepted as true, such treatment is "inapplicable to legal conclusions." *Id.* When evaluating a motion to dismiss, "courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of the claim." *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (citations omitted).

## III. DISCUSSION

The first issue is whether Plaintiff's claim under the FMLA survives Defendants' motion to dismiss. Congress enacted the FMLA "to balance the demands of the workplace with the needs of families," by allowing "employees to take reasonable leave for medical reasons, for the birth or adoption of a child, and for the care of a child, spouse, or parent who has a serious health condition." 29 U.S.C. § 2601(b)(1)-(2). Under the FMLA, employees may take up to twelve weeks of leave and return to their same or equivalent position. 29 U.S.C. §§ 2614(a)(1), 2615(a); 29 C.F.R. 825.100 (1995). Before granting the leave, the employer may require that the employee provide, "in a timely manner," a copy of "a certification issued by the health care provider" for the parent of the employee. 29 U.S.C. § 2613. A certification is sufficient if it contains the date on which the serious health condition started, the probable duration of the condition, the medical facts regarding the condition, and states that the employee is needed to care for the family member. *See* 29 U.S.C. § 2613(b)(1)-(4). If the employer requires a certification, it must provide the employee with "written notice detailing the specific expectations and obligations of the employee and explaining any consequences of a failure to meet [those] obligations." 29 C.F.R. § 825.301(b)(1)(1995).

The Code of Federal Regulations pertaining to the FMLA in November 2008,[1] provides guidance on when an employee must provide medical certification to support FMLA leave.

> (b) When the leave is foreseeable and at least 30 days notice has been provided, the employee should provide the medical certification before the leave begins. When this is not possible, the employee must provide the requested certification to the employer within the time frame requested by the employer (which must allow at least 15 calendar days after the employer's request), unless it is not practicable under the particular circumstances to do so despite the employee's diligent, good faith efforts.
>
> (c) In most cases, the employer should request that an employee furnish certification from a health care provider at the time the employee gives notice of the need for leave, or, in the case of unforseen leave, within two business days after the leave commences. The employer may request certification at some later date if the employer has reason to question the appropriateness of the leave or duration.

29 C.F.R. § 825.305(1995). In addition, the regulations detail the consequences of an employee's failure to satisfy the medical certification requirements.

> (a) In the case of foreseeable leave, an employer may delay the taking of FMLA leave to an employee who fails to provide timely certification after being requested by the employer to furnish such certification (i.e., within 15 calendar days, if practicable), until the required certification is provided.
>
> (b) When the need for leave is not foreseeable, or in the case of recertification, an employee must provide certification (or recertification) within the time frame requested by the employer (which must allow at least 15 days after the employer's request) *or* as soon as reasonably possible under the particular facts and circumstances. In the case of a medical emergency, it may not be practicable for an employee to provide certification within 15 calendar days. If an employee fails to provide a medical certification

---

[1] The parties arguments rely on the current regulations to the FMLA, which were amended on November 17, 2008. However, those regulations did not become effective until January 16, 2009, after the events at issue took place. Accordingly, the Court will look to the regulations in effect at the time the events occurred.

4

> within a reasonable time under the pertinent circumstances, the employer may delay the employee's continuation of FMLA leave. If the employee never produces the certification, the leave is not FMLA leave.

29 C.F.R. § 825.311(b)(1995).

Defendants contend that Plaintiff did not allege facts showing that he intended to obtain a certification or that he would make a good faith effort to obtain one. *See* 29 C.F.R. § 825.305(b)(1995). Defendants also argue that they were not required to wait 15 days for a medical certification because Plaintiff never told Farmer that he would obtain the certification within 15 days. The Court is not persuaded by Defendants' arguments. Plaintiff expressed urgency in needing to leave for Africa and told Farmer that he would have difficulty obtaining a certification from a doctor prior to his departure due to "the great distance between him and his mother's doctor and also because of the manner of doing business that existed at that time in his mother's country." Given such circumstances, Plaintiff has stated a viable FMLA claim because a reasonable trier of fact could conclude that Defendants violated the FMLA by failing to permit Plaintiff to first take his leave and then submit a certification within either 15 calendar days or "as soon as reasonably possible," given the atypical circumstances surrounding Plaintiff's mother's care in Africa.

Defendants have also moved to dismiss the claims against Farmer in her individual capacity. Although the Court of Appeals for the Third Circuit has not spoken on the issue of individual liability under the FMLA, courts in this district have acknowledged that the FMLA provides for individual liability within the private sector. *See Hewett v. Willingboro Bd. of Educ.*, 421 F. Supp. 2d 814, 817-18 n. 4 (D.N.J. 2006). Defendants present that "only individuals who 'exercise control' over the employee's FMLA leave can be held liable for an employer's FMLA violations." *Kilvitis v. County of Luzerne*, 52 F. Supp. 2d 403, 412-13 (M.D. Pa. 1999). Defendants argue that although

Plaintiff's Complaint alleges that Farmer is the Human Resources Officer, Plaintiff has not alleged any facts that Farmer exercised control over Plaintiff's ability to take leave. The Court disagrees. Plaintiff alleged that Farmer advised him that he was eligible for FMLA leave, that he could not take any time unless he provided a certification, and that his only option was to resign and reapply for his employment upon returning from Africa. Such facts leads this Court to reasonably infer that Farmer exercised control over Plaintiff's ability to take leave. *See Iqbal*, 129 S. Ct. at 1949. Therefore, Plaintiff's claim against Farmer in her individual capacity survives.

Another claim for relief is under the FLA. Similar to the FMLA, the FLA allows for leave to "be taken for up to 12 weeks within any 24 month-period." N.J.A.C. § 13:14-1.4(a)(2008). According to the regulations in place at the time of Plaintiff's requested leave, "[t]he employee who requests the leave must provide the employer reasonable advance notice, the length of which will be determined by the type of leave requested, as set forth in N.J.A.C. 13:14-1.5." *Id.* According to N.J.A.C.§ 13:14-1.5(d)(1)(2008), for leave taken in connection with the serious health condition of a family member, the employee is generally required to provide the employer with notice "30 days prior to the commencement of the leave, except where emergent circumstances warrant shorter notice." The employer may establish a policy requiring that employees give notice in writing; however, "in emergent circumstances, an employee may provide the employer with oral notice when written notice is impracticable." N.J.A.C. § 13:14-1.4(b)(2008).

Akin to the regulations for the FMLA, § 13:14-1.10 of the FLA sets forth regulations for the submission of certification by an employee requesting leave. Section 13:14-1.10 reads in part as follows:

> (b) An employer may require that any period of family leave be supported by certification issued by a duly licensed health care

provider or any other health care provider determined by the Director to be capable of providing adequate certification.

       1. Where the certification is for the serious health condition of a family member of the employee, the certification shall be sufficient if it states the date on which the serious health condition commenced, the probable duration of the condition and the medical facts within the provider's knowledge regarding the condition.

. . .

       (c) An employer shall not use the certification requirements provided in (a) and (b) above to intimidate, harass or otherwise discourage an employee from requesting or taking family leave or asserting any of the employee's rights to family leave under these regulations or the Act.

The FLA appears to give employers the ability to make the submission of a certification a condition precedent to the granting of leave. *See id.* Unlike the FMLA, the FLA does not provide any waiver for the submission of a certification when the leave is unforeseeable. Because Plaintiff did not provide Defendants with a certification and because Plaintiff's Complaint does not allege that Defendants intimidated, harassed, or discouraged Plaintiff from exercising his right to leave under the FLA, Plaintiff's claim under the FLA is dismissed. However, since the court should "freely" provide the plaintiff with leave to amend its dismissed causes of action "when justice so requires," *see* Fed. R. Civ. P. 15(a)(2), Plaintiff is granted leave to amend its FLA claim.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is granted in part and dismissed in part. Plaintiff has thirty days to file an Amended Complaint.

                                                 */s/ Peter G. Sheridan*
                                               PETER G. SHERIDAN, U.S.D.J.

April 15, 2011